IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT GEORGE FARNSWORTH, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1104 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his sentence. Respondent filed a motion for summary judgment (Docket Entry No. 10), to which petitioner responded (Docket Entry No. 11).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

## I. PROCEDURAL BACKGROUND AND CLAIMS

Petitioner pleaded guilty to murder and elected to have the jury assess punishment. The jury made an affirmative finding that petitioner had acted under sudden passion, and assessed punishment at fifteen years imprisonment. The conviction was affirmed on appeal. *Farnsworth v. State*, No. 01-07-01055-CR, 2009 WL 349799 (Tex. App. – Houston 2009, no pet.) (not designated for publication). The Texas Court of Criminal Appeals denied

petitioner's first application for habeas relief, and dismissed his second application as an abuse of the writ. *Ex parte Farnsworth*, WR-72,849-01; -02.

Petitioner filed the instant federal petition on March 23, 2010, raising the following claims for habeas relief:

(1) The trial court denied him due process in refusing to provide the jury a definition of the phrase, "incapable of cool reflection."

(2) Trial counsel was ineffective in failing to object to the trial court's refusal to provide the jury a definition of the phrase, "incapable of cool reflection."

(3) His punishment was cruel and unusual because the jury misunderstood the meaning of the phrase, "incapable of cool reflection."

Respondent argues that one or more of these claims are unexhausted and procedurally defaulted; in the alternative, the State argues that the grounds fail as a matter of law. Because none of petitioner's claims has merit, the Court will address all three of petitioner's federal habeas claims without regard to exhaustion or procedural bar.

## II. FACTUAL BACKGROUND

The court of appeals provided the following short summary of the facts in its opinion:

> Appellant, Herbert George Farnsworth, appeals a judgment that convicts him for the murder of his wife, Shannon Farnsworth. Appellant pleaded guilty to the jury, which found true the special issue by determining that he caused Shannon's death under the immediate influence of sudden passion arising from an adequate cause and assessed his sentence at 15 years in prison.
>
> * * * *
>
> After he was served with a petition for divorce, appellant shot his wife Shannon in the chest, killing her while she lay in bed. Appellant confessed to the offense, claiming that he shot her after she laughed at him about divorcing

> him. He pleaded guilty to murder, requested that the jury make an affirmative finding on sudden passion, and asked for community supervision.

*Farnsworth*, 2009 WL 349799 at *1 (citations omitted).

The facts salient to all three of petitioner's instant habeas claims arise from a jury note given to the trial judge during sentencing deliberations. The note stated, "In the definition of 'adequate cause,' does the phrase 'incapable of cool reflection' mean that, in this case, the commission of murder is inevitable." (Docket Entry No. 5-11, p. 85.) The judge responded on the record, "I think I will just say "Incapable of cool reflection is not defined in the law," which was followed by an unrecorded bench conference. R.R. Vol. 6, p. 4. The trial judge sent a written reply to the jury, stating that, "All of the law on adequate cause has been given to you in the charge. There is no legal definition for 'incapable of cool reflection.'" (Docket Entry No. 5-11, p. 86.) Soon after, the jury returned a verdict, but the judge noticed that the special issue had not been answered. R.R. Vol. 6, p. 5. The judge asked that the jurors return to the jury room to answer the special issue. *Id.* The jury then answered affirmatively that Farnsworth caused the death of Shannon Farnsworth under the immediate influence of sudden passion. *Id.*, pp. 6-8.

## III. THE APPLICABLE LEGAL STANDARDS

### A. Habeas Review

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B. Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the probative summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## IV. ANALYSIS

### A. Trial Court Error

The record shows that a special issue was submitted to the jury during sentencing, instructing the jury to determine "whether or not the defendant caused the death under the immediate influence of sudden passion arising from an adequate cause." (Docket Entry No. 5-11, p. 75.) The jury was instructed that "adequate cause" meant "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.*

As mentioned earlier, the jury sent a note to the trial judge, asking whether the phrase "incapable of cool reflection" meant that, in this case, the commission of the murder was inevitable. (Docket Entry No. 5-11, p. 85.) . The trial judge's reply told the jury that "incapable of cool reflection" had no legal definition. (Docket Entry No. 5-11, p. 86.)

Petitioner complains that the trial judge denied him due process by refusing to define the phrase for the jury. However, petitioner's argument depends on there being a recognized legal definition for the phrase for purposes of a sudden passion special issue. As his sole support for his argument that "incapable of cool reflection" has a recognized definition, petitioner states, "See Black's law dictionary – cooling time, cool blood." (Docket Entry No. 11, p. 3.) Petitioner provides this Court neither the law dictionary definitions of these phrases nor applicable case law establishing that Texas has adopted these definitions for purposes of a "sudden passion" special issue. Consequently, petitioner fails to show that the

trial court erred and denied him due process in informing the jury that there was no legal definition for the phrase, "incapable of cool reflection."

Respondent is entitled to summary judgment dismissal of this claim.

B. Ineffective Assistance of Trial Counsel

To assert a successful claim for ineffective assistance of counsel, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.

Petitioner argues that trial counsel was ineffective in not objecting to the trial court's refusal to provide the jury a definition of "incapable of cool reflection." This claim fails for the same reason as did his claim for trial court error – petitioner fails to establish that Texas state law has adopted, enacted, or otherwise established a definition for the phrase for purposes of a sudden passion special issue. In absence of such a definition, trial counsel had no basis on which to object to the trial court's response to the jury, and no deficient performance is shown under *Strickland*. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.

1990) (holding that trial counsel is not ineffective in failing to raise meritless objections). Moreover, because the jury found the special issue in favor of petitioner, no prejudice is shown.

Respondent is entitled to summary judgment dismissal of this claim.

C. Cruel and Unusual Punishment

Petitioner complains that, because the jury lacked a definition of "incapable of cool reflection," it misunderstood the special issue and assessed "an extremely high sentence" in violation of his Eighth Amendment rights.

Petitioner's argument is without legal or factual support and has no merit. Petitioner again fails to direct this Court to an accepted, recognized legal definition for the phrase "incapable of cool reflection" that could have been given to the jury. Moreover, his conclusory allegation that the jury was confused and misunderstood the special issue is unsupported in the record and insufficient to raise a genuine issue of material fact precluding summary judgment.

Regardless, petitioner fails to show that his fifteen-year sentence constitutes an Eighth Amendment violation. A sentence violates the constitutional prohibition of cruel and unusual punishment if it is disproportionate to the crime. *See McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). Here, petitioner received a fifteen-year sentence for the murder of his wife. In absence of the jury's affirmative answer to the special issue, petitioner faced a life sentence. In light of the jury's affirmative answer, however, he faced a maximum sentence

of twenty years. Petitioner presents no probative summary judgment evidence establishing that his fifteen-year sentence was, in any way, disproportionate to his crime of murder.

Respondent is entitled to summary judgment dismissal of this claim.

## V. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 20th day of June, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE